MOORE, RONALD )
)
    Plaintiff )
)
v. )
)
FIVE STAR FOOD SERVICE, INC )    Docket No. 2016-CV-241
Registered Agent: )
The Prentice-Hall Corporation System, Inc. )    Chancellor Jerri S. Bryant
2908 Poston Ave. )
Nashville, TN 37203 )
)
And SYLVIA MARLER )
5990 Waterlevel Hwy )
Cleveland, TN 37323-8720 )

## COMPLAINT

### Parties

1. Ronald Moore (hereinafter "Plaintiff" or "Moore") is a resident of Bradley County, Tennessee and is employed by Defendant Five Star Food Service, Inc. here in Bradley County.

2. Defendant Five Star Food Service, Inc. is a Tennessee corporation with a principal place of business at 6005 Century Oaks Drive, #100, Chattanooga, Tennessee 37416 and whose registered agent is The Prentice-Hall Corporation System, Inc., 2908 Poston Ave., Nashville, Tennessee 37203.

3. Defendant Sylvia Marler is believed to reside at 5990 Waterlevel Hwy Cleveland, Tennessee 37323-8720. She is currently employed by Defendant Five Star in Bradley County.

**EXHIBIT A**

## Jurisdiction and Venue

4. Jurisdiction and venue are appropriate in Bradley County, Tennessee as all the parties are subject to personal jurisdiction in Bradley County and the events underlying this Complaint occurred in Bradley County, Tennessee. Further, jurisdiction properly rests with this Court pursuant to Tenn. Code Ann. § 4-21-311(a).

## Facts

5. Mr. Moore has been employed by Defendant Five Star since May 22, 2015, where he prepares and serves meals in a local plant located in Bradley County, Tennessee. In June of 2016, Mr. Moore's location underwent a staffing change and Defendant Marler was promoted to Dining Manager of the facility where Mr. Moore worked.

6. Defendant Marler has consistently belittled, harassed, and demeaned Mr. Moore and other employees.

7. On two separate occasions during the summer of 2016, Defendant Marler, while on the clock and on work premises, pulled down Mr. Moore's pants in the plant cafeteria and exposed his undergarments and/or private anatomy to other employees of both Five Star and the plant.

8. On both occasions, Mr. Moore protested these actions and felt shame, humiliation, fear, anxiety, and threatened as a result of Defendant Marler's actions.

9. Mr. Moore properly pursued an internal investigation and remedy by submitting a complaint to the Human Resources Department of Defendant Five Star. Defendant

Marler suffered no ascertainable consequences as a result of this complaint and remained Mr. Moore's supervisor, using that position to retaliate against Mr. Moore for reporting her actions by tarnishing his otherwise spotless employment record such that she has submitted "write-ups" to the extent that Mr. Moore was placed on his "last warning" and, facing the loss of his employment with Defendant Five Star, had to find other employment.

10. Defendant Marler has continued to tell the story to new employees thus prolonging the torment and continuing to cultivate a hostile work environment for Mr. Moore, even after Defendant Five Star had received a formal complaint.

11. As a result of this harassment and the hostile workplace it has created, Mr. Moore has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and marital problems.

## Liability

12. Tenn. Code Ann. § 4-21-101 et. seq. were enacted by the state legislature with the stated purpose of "[s]afeguard[ing] all individuals within the state from discrimination because of race, creed, color, religion, sex, age or national origin in connection with employment. . . and "[p]rotect[ing] their interest in personal dignity and freedom from humiliation".

13. Defendant Marler is liable to Mr. Moore for the damages he sustained based upon her sexual harassment of him and her creation of a hostile work environment.

14. Sexual harassment is a form of gender-based discrimination. The Civil Rights Act of 1964, in combination with the Civil Rights Act of 1991, serves to protect the rights of

various groups of people from discrimination in the workplace based on membership in a protected category. Sex is a protected category. The Civil Rights Act of 1991 clarified the scope of protection and remedies available to victims of discrimination.

15. "The Tennessee Human Rights Act (THRA) provides that it is a discriminatory practice for an employer to fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin. Tenn. Code Ann. § 4-21-401(a)(1) (2005). The Tennessee legislature intended for the THRA to be coextensive with federal law. Although Tennessee courts are not bound or limited by federal law, the policy of interpreting the THRA coextensively with Title VII of the Civil Rights Act of 1964 is predicated upon a desire to maintain continuity between state and federal law. It is well settled that both the THRA and Title VII prohibit hostile work environment sexual harassment." Allen v. McPhee, 240 S.W.3d 803, 807 (Tenn. 2007).

16. There is no question that if the gender roles had been reversed and a male supervisor had pulled a female employee's pants down and exposed her to a large crowd of individuals, not just once but twice, he would have faced immediate transfer, suspension, and/or termination of his employment.

17. The fact that Mr. Moore's claim is being treated differently because of his gender is clearly a basis of discrimination. ""Discriminatory practices" means any direct or indirect act or practice of exclusion, distinction, restriction, segregation, limitation, refusal, denial, or any other act or practice of differentiation or preference in the

treatment of a person or persons because of race, creed, color, religion, sex, age or national origin." Tenn. Code Ann. § 4-21-102(4).

18. Further, Five Star failed to take appropriate remedial action to prevent future occurrences as is their duty under the law.

19. Under the Tennessee Human Rights Act, T.C.A. § 4-21-101 et seq., an employer is subject to vicarious liability where an employee is victimized by hostile work environment sexual harassment committed by a supervisor with immediate (or successively higher) authority over the employee. Parker v. Warren County Util. Dist., 2 S.W.3d 170, 1999 Tenn. LEXIS 419 (Tenn. 1999).

20. A legal claim for sexual harassment may be used interchangeably with a claim for hostile work environment based on sex or gender. Anderson v. URS Energy & Constr., Inc., -- F. Supp. 2d --, 2016 U.S. Dist. LEXIS 79212 (M.D. Tenn. June 17, 2016).

21. Defendant Five Star is further responsible for the actions of Defendant Marler under the doctrines of Agency and *Respondeat Superior*.

## DAMAGES

WHEREFORE, Plaintiff requests fair and just compensation from the Defendants for his injuries and damages including compensatory damages in the amount of $300,000 and punitive damages in the amount of $300,000. Plaintiff further asks the Court to award his costs, including attorney's fees and discretionary costs. Plaintiffs reserve the right to amend this Complaint as may be appropriate during the course of treatment and discovery. Plaintiff asks that he be awarded such other, further in general relief as the Court deems just.

<u>RONALD MOORE</u>
*Plaintiff by Attorney*

Respectfully Submitted,
**LOGAN - THOMPSON, P.C.**, by

_____
J. ABIGAIL BURKE (BPR#034170)
Attorney for Ronald Moore
P. O. Box 191
Cleveland, TN 37364-0191
423-476-2251

## COST BOND

We, the undersigned Principal and Surety acknowledge and bind ourselves for the prosecution of this action and payment of all non-discretionary costs in this Court not to exceed $1,000.

<u>RONALD MOORE</u>
*Plaintiffs by Attorney*

LOGAN-THOMPSON, P.C., by

_____
Surety